IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES CALLENDER | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 3-09-CV-1569-P |
| | § | |
| MARSHA CRUSE, Warden | § | |
| FCI-Seagoville | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner James Callender, a federal prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons stated herein, the application should be denied.

I.

In 2005, petitioner was sentenced to 96 months in prison following his conviction in Minnesota federal court for conspiracy to distribute and to possess with intent to distribute more than 500 grams of methamphetamine. His projected release date is August 23, 2011. While incarcerated, petitioner sought admission to a Residential Drug Abuse Program ("RDAP") for the purpose of obtaining early release under 18 U.S.C. § 3621(e). Although petitioner was admitted to a RDAP and successfully completed the program, prison officials have determined that he is not eligible for a sentence reduction under a rule promulgated by the Bureau of Prisons ("BOP") that categorically excludes from early release inmates who have prior convictions for certain violent crimes. By this action, petitioner challenges that decision and seeks an order requiring the BOP to reevaluate his eligibility for early release.

II.

Petitioner generally alleges that the BOP abused its discretion by determining that his 1987 conviction for assault with intent to commit sexual abuse makes him ineligible for a one-year sentence reduction under 18 U.S.C. § 3621(e). In a related argument, petitioner contends that the BOP rule and program statements categorically excluding certain prisoners from eligibility for early release violate the Administrative Procedures Act ("APA"). The court will address each argument in turn.

A.

In 1990, Congress required the BOP to "make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." CRIME CONTROL ACT OF 1990, Pub.L. 101-647, § 2903, 104 Stat. 4789, 4913, *codified as amended at* 18 U.S.C. § 3621(b). Four years later, Congress amended the statute to provide an incentive for prisoner participation. The incentive provision reads:

> The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program *may* be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

VIOLENT CRIME CONTROL AND LAW ENFORCEMENT ACT OF 1994, Pub.L. 103-322, § 32001, 108 Stat. 1796, 1897, *codified at* 18 U.S.C. § 3621(e)(2)(B) (emphasis added). The statute does not specify the requirements of a substance abuse treatment program. Instead, Congress vested prison authorities with discretion "to shorten by up to one year the prison term of a prisoner who has successfully completed a treatment program, based on criteria to be established and uniformly applied by the Bureau of Prisons." H.R. Rep. 103-320, 103rd Cong., 1st Sess. (1993); *see also Cross*

*v. Berkebile*, 646 F.Supp.2d 839, 841 (N.D. Tex. 2009), *citing Taylor v. U.S. Bureau of Prisons*, 172 F.3d 879 (Table), 1999 WL 84249 at *1 (10th Cir. Feb. 22, 1999).

The criteria for early release established by the BOP are set forth in 28 C.F.R. § 550.55. Under this rule, inmates who have a prior felony or misdemeanor conviction for forcible rape, or attempted forcible rape, are categorically ineligible for early release. *See* 28 C.F.R. § 550.55(b)(4)(ii) & (6).[1] In exercising its discretion to classify forcible rape as an offense that excludes an inmate from consideration for early release, the BOP relied on the FBI Uniform Crime Reporting Program ("UCR"), which defines forcible rape as "carnal knowledge of a female forcibly and against her will." (*See* Gov't Resp. App. at 74). The UCR definition of forcible rape also includes "[a]ttempts or assaults to commit rape by force[,]" but excludes "statutory rape (without force) and other sex offenses[.]" (*Id.*).

Petitioner argues that the BOP abused its discretion in classifying his Iowa conviction for assault with intent to commit sexual abuse as "forcible rape" because he was acquitted on more serious charges of kidnaping and sexual assault. (*See* Pet. Mot. at 4-5). Under Iowa law:

> Any person who commits an assault [ ] with the intent to commit sexual abuse is guilty of a class "C" felony if the person thereby causes serious injury to any person and guilty of a class "D" felony if the person thereby causes any person a bodily injury other than a serious injury. The person is guilty of an aggravated misdemeanor if no injury results.

IOWA CODE § 709.11 (1981). Petitioner was convicted of assaulting his victim with the intent to commit sexual abuse, which equates to the UCR definition of forcible rape or attempted forcible rape. Because the elements of the Iowa statute are included within the UCR definition of forcible

---

[1] Section 550.55 did not become effective until March 16, 2009--two months after petitioner enrolled in the RDAP. *See* 74 Fed. Reg. 1892 (Jan. 14, 2009). However, the Fifth Circuit has held that the new rule applies retroactively to habeas cases brought by prisoners challenging decisions regarding their eligibility for early release. *See Handley v. Chapman*, 587 F.3d 273, 283 (5th Cir. 2009), *pet. for cert. filed* (Jan. 25, 2010) (No. 09-9749).

rape, the BOP did not abuse its discretion in determining that petitioner is not eligible for early release under section 550.55.

B.

Petitioner further contends that section 550.55 and two related BOP program statements, PS 5162.04 and 5331.02, violate the APA. Under the APA, a court must set aside any agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law[.]" 5 U.S.C. § 706(2)(A). Although petitioner has failed to articulate his claim with precision, he apparently believes that the BOP rule and program statements are "arbitrary and capricious" because they categorically exclude from early release inmates serving sentences for certain types of crimes and inmates with prior convictions for certain offenses, notwithstanding the successful completion of a substance abuse treatment program.

That was the holding of the Ninth Circuit in *Arrington v. Daniels*, 516 F.3d 1106 (9th Cir. 2008). In *Arrington*, 18 federal prisoners serving sentences for offenses involving firearms, explosives, or other dangerous weapons challenged 28 C.F.R. § 550.58, the prior version of 28 C.F.R. § 550.55, on the ground that the BOP failed to provide a rationale for the categorical exclusion of inmates who are otherwise statutorily eligible for early release. While recognizing that the BOP has discretion to categorically exclude certain classes of inmates from early release, the court noted than an agency must articulate a rationale when exercising that discretion. *Arrington*, 516 F.3d at 1114. The court went on to hold that neither of the two rationales stated by the BOP-- that offenders with firearms convictions might pose an increased risk to the public and that there is a need for uniformity in the application of eligibility regulations--withstood even the "narrow and deferential standard of review under the APA." *Id.* at 1113-14. According to the court, there was absolutely no evidence in the administrative record that prisoners convicted of firearms offenses pose

a greater threat to public safety than prisoners serving sentences for other offenses. *Id.* at 1113. As to the second rationale, the court wrote:

> A general desire for uniformity provides no explanation for why the Bureau exercised its discretion to achieve consistency through the promulgation of a categorical *exclusion* rule. The Bureau's stated desire for uniformity could have been accomplished in any number of ways. For example, the Bureau could have achieved uniformity by categorically *including* prisoners with nonviolent convictions involving firearms, thus making them eligible for early release: a result that would have been entirely consistent with the statute's aim of offering incentives for prisoner participation in residential substance abuse programs. Instead, it chose to achieve uniformity by categorically *excluding* such prisoners from eligibility. Although either choice in all likelihood would have withstood judicial scrutiny, the Bureau offered no explanation for why it exercised its discretion to select one rather than the other. The agency's lack of explanation for its choice renders its decision arbitrary and capricious.

*Id.* at 1114 (emphasis in original). *Arrington* has been cited by federal prisoners across the country in habeas petitions challenging their categorical exclusion from early release. However, the Fifth Circuit recently rejected *Arrington* as contrary to *Lopez v. Davis*, 531 U.S. 230, 121 S.Ct. 714, 148 L.Ed.2d 635 (2001) and *Venegas v. Henman*, 126 F.3d 760 (5th Cir. 1997), *cert. denied*, 118 S.Ct. 1679 (1998), both of which upheld an earlier version of section 550.58. *See Handley v. Chapman*, 587 F.3d 273, 281-82 (5th Cir. 2009), *pet. for cert. filed* (Jan. 25, 2010) (No. 09-9749). This court is bound by *Handley*.

Nor can petitioner challenge PS 5162.04 and PS 5331.02 under the APA. Unlike BOP rules, the APA does not apply to program statements. *See Huerta v. Berkebile*, No. 3-09-CV-0008-L, 2009 WL 230163 at *3 (N.D. Tex. Jan. 30, 2009), *citing Minotti v. Whitehead*, 584 F.Supp.2d 750, 763 (D. Md. 2008) (holding that PS 5162.04 is not subject to requirements of the APA); *Owens v. Van Buren*, No. 4-04-CV-0774-Y, 2005 WL 283614 at *2 (N.D. Tex. Feb. 7, 2005), *rec. adopted*, 2005

WL 525219 (N.D. Tex. Mar. 7, 2005), *citing Royal v. Tombone*, 141 F.3d 596, 600 (5th Cir. 1998) (program statement is an internal agency guideline not subject to APA notice and comment requirements). Even if PS 5162.04 and PS 5331.02 were subject to the rigors of the APA, they are "neither arbitrary nor capricious, but rather [ ] manifestly correct." *Huerta*, 2009 WL 230163 at *3, *quoting Minotti*, 584 F.Supp.2d at 765.[2]

## RECOMMENDATION

Petitioner's application for writ of habeas corpus should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:   April 2, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[2] The court further notes that PS 5162.04, which was rescinded on March 16, 2009 and replaced by PS 5162.05, applies to prisoners whose *current* convictions disqualify them from early release. Because petitioner is not eligible for early release because of a *prior* conviction, he lacks standing to challenge that program statement.